697 S.E.2d 572

**In the Matter of Joseph W. GINN, III, Respondent.**

**No. 26848.**

Supreme Court of South Carolina.

Submitted June 8, 2010.

Decided Aug. 9, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John R. Ungaro, III, of Charleston, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law not to exceed two (2) years with conditions. He requests that the period of suspension be made retroactive to the date of his interim suspension, October 1, 2009. *See In the Matter of Ginn,* 385 S.C. 240, 684 S.E.2d 176 (2009). We accept the agreement and impose a nine (9) month suspension with conditions as stated hereafter in this opinion. The

suspension shall be made retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In August 2007, respondent was appointed to represent Client A in a post-conviction relief (PCR) matter. Respondent worked on the matter until March 2008. From March 2008 until his interim suspension from the practice of law on October 1, 2009, respondent did not work on the case or communicate with Client A or his family. At the time Client A filed his grievance, he did not know the status of his PCR action, in spite of his several letters to respondent requesting information about the progress of his case.

### Matter II

On January 9, 2009, the Commission on Lawyer Conduct (the Commission) received notice from respondent's bank that a check in the amount of $8,134.91 was presented on insufficient funds in respondent's client trust account. Respondent was unable to produce the documentation necessary to explain this discrepancy because he was not in compliance with the recordkeeping requirements of Rule 417, SCACR. Respondent did not maintain adequate client ledgers and did not conduct appropriate monthly reconciliations of his trust account.

On October 1, 2009, respondent was placed on interim suspension because he did not respond to inquiries from the Commission or ODC concerning the insufficient fund notice from the bank. Upon notice of his interim suspension, respondent contacted ODC and, since that time, he has cooperated with ODC's investigation.

Following his interim suspension, respondent hired an independent auditor to reconstruct his account records. The accountant determined respondent should have had a balance of $21,559.36 in client funds in his trust account, although the balance was only $3,499.66. The discrepancy was the result of respondent's improper commingling of personal funds with

client funds in the trust account and a concurrent failure by respondent to keep adequate records.

Further, on several occasions and for various reasons, respondent deposited personal funds into his trust account. He issued checks from those funds to himself and to third parties without maintaining a ledger or monitoring the balance of personal funds in the account. Respondent used $18,059.70 in client money for his own benefit. Respondent has restored those funds by delivering them to the attorney appointed to protect his clients' interests.

The bank's January 9, 2009, notice of insufficient funds to the Commission occurred after a check in the amount of $8,134.91 was issued by respondent to a third party on behalf of a client in March 2007, but not negotiated until January 2009. Because respondent was taking more money out of the trust account than he was putting into the account, the funds to cover the check were not available when it was presented. Respondent was not aware the check had not been negotiated for nearly two years because he was not reconciling his trust account or reviewing the bank statements. Respondent has now delivered a cashier's check to the third party to cover the insufficient funds.

In mitigation, respondent admits that he has suffered from severe depression which affected his judgment and decision making processes; however, in the last year he has been able to successfully treat his illness with medication, counseling, and other forms of therapy, and he voluntarily entered into a monitoring agreement with Lawyers Helping Lawyers. Respondent's psychiatrist now asserts respondent is mentally fit and capable of returning to the practice of law.

## *LAW*

Respondent admits that by his misconduct he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.15(a) (lawyer shall safekeep client funds); Rule 1.15(b)

(lawyer shall not deposit personal funds in trust account except for amount to cover service charges); and Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority). In addition, respondent acknowledges his misconduct violated the financial recordkeeping provisions of Rule 417, SCACR. Respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months, retroactive to the date of his interim suspension, subject to the following conditions:

1. within one year of the date of this order, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Trust Account School and Ethics School;

2. respondent shall renew his monitoring contract with Lawyers Helping Lawyers for two years from the date of his reinstatement to the practice of law and shall deliver a copy of the renewed contract to the Commission as soon as practical after it is signed and, on a quarterly basis, respondent shall file an affidavit confirming his compliance with the contract and a statement from his monitor confirming his compliance with the contract with the Commission;

3. each quarter during the two year period following his reinstatement to the practice of law respondent shall file a statement from his primary treating physician setting forth his diagnosis, treatment plan, compliance, and prognosis with the Commission; and

4. each quarter during the two year period following his reinstatement to the practice of law respondent shall file copies of his law office bank statements, checks, records

of deposits, monthly reconciliations, and a statement from his accountant that he is in compliance with Rule 417, SCACR, with the Commission.

Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**